**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 7, 2013

LETTER TO COUNSEL:

    RE:    *Jewel D. Crawley v. Commissioner, Social Security Administration*;
               Civil No. SAG-11-2427

Dear Counsel:

    On August 30, 2011, the Plaintiff, Jewel D. Crawley, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Crawley filed her claim on June 7, 2007, alleging disability beginning on March 16, 2007. (Tr. 98-109). Her claim was denied initially on September 25, 2007, and on reconsideration on February 6, 2008. (Tr. 57-60, 65-68). A hearing was held on June 11, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 29-52). Following the hearing, on June 24, 2009, the ALJ determined that Ms. Crawley was not disabled during the relevant time frame. (Tr. 12-26). The Appeals Council denied Ms. Crawley's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Crawley suffered from the severe impairments of "osteoarthritis of both hips, shoulder, back and neck, history of carpal tunnel syndrome both hands, history of tendonitis both elbows, history of bronchial asthma, history of right ovary cyst, both stable surgery, and borderline range of intelligence." (Tr. 17). Despite these impairments, the ALJ determined that Ms. Crawley retained the residual functional capacity ("RFC") to perform light unskilled work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 20). After considering the testimony of a vocational expert ("VE"), and considering Rule 202.17, the ALJ determined that Ms. Crawley could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 25).

*Jewel D. Crawley v. Commissioner, Social Security Administration*
Civil No. SAG-11-2427
January 7, 2013
Page 2

Ms. Crawley raises five separate issues on appeal. First, she contends that the ALJ should have determined her depression to be a severe impairment at Step Two. Second, she contends that the ALJ erroneously determined her RFC. Third, she argues that the ALJ failed to adhere to Social Security Ruling ("SSR") 82-62 with respect to her ability to perform her past relevant work. Fourth, she submits that the ALJ's hypothetical to the VE was deficient. Finally, Ms. Crawley contends that the ALJ erred by proceeding to Step Five because his conclusion at Step Four was dispositive. All of the arguments are unpersuasive.

First, Ms. Crawley submits that the ALJ should have found her depression to be a severe impairment at Step Two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). The evidence of record does not demonstrate that Ms. Crawley's depression would significantly limit her ability to work. Moreover, while not expressly addressing depression, the ALJ engaged in an extensive review of the medical evidence pertaining to Ms. Crawley's "mental limitations," and addressed those limitations accordingly in formulating her RFC. (Tr. 23-25). Moreover, even if I were to agree that the ALJ erred by failing to evaluate Ms. Crawley's depression at Step Two, such error would be harmless. Because Ms. Crawley made the threshold showing that she had other severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and nonsevere, that significantly impacted Ms. Crawley's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand.

Ms. Crawley's second argument, regarding the adequacy of her RFC, contains three sub-arguments: (1) failure to follow the treating physician rule; (2) failure to conduct a function-by-function analysis; and (3) failure to adequately address her mental limitations. Each sub-argument will be addressed in turn.

First, the treating physician rule does not invalidate the ALJ's conclusions. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically addressed the opinions of Ms. Crawley's treating physician, Dr. Osei-Wusu. (Tr. 24). The ALJ noted that opinions rendered on check-box or form reports may be accorded little or no weight, in the absence of narrative explanation or supporting rationale. *Id.* Most of Dr. Osei-Wusu's opinions are in the form of check-box reports with little explanation. (Tr. 294-304). The ALJ further noted that the limited treatment notes from Dr. Osei-Wusu do not support the restrictive limitations he noted on the opinion forms. *Id.* Finally, the ALJ noted the inconsistencies between Dr. Osei-Wusu's opinions, Ms. Crawley's other treatment records, and her activities of daily living. *Id.* I am readily able to discern and evaluate, from the ALJ's analysis, the reasons he chose to afford "limited weight" to Dr. Osei-Wusu's opinion. I therefore find the ALJ's assignment of weight to be supported by substantial evidence.

Second, as Ms. Crawley notes, the Social Security Administration requires that the RFC assessment include a function-by-function assessment based on a claimant's functional limitations and ability to do work-related activities. SSR 96–8p, 1996 WL 374184, at *3 (July 2, 1996). The RFC assessment must be based on all relevant evidence in the record and must address both the remaining exertional and non-exertional capacities of the individual. *Id.* at *3, *5–6. The ALJ's evaluation must also include a narrative discussion describing how medical and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271 (D. Md. 2003). Ms. Crawley contends that the ALJ's opinion failed to address how long she can sit, how long she can stand, and how much she can lift and carry, in addition to any environmental limitations needed to address her asthma. However, the ALJ's opinion actually includes significant function-by-function analysis. The ALJ noted Ms. Crawley's functional abilities including "the ability to pick up and carry 20 to 30 pounds (Exhibit 5F) and pick up and carry 15 to 20 pounds (Exhibit 8F), take care of her grandchild and children, prepare meals, drive a car and shop (Exhibits 3E and 7E)." (Tr. 24) The ALJ also concluded that she "is able to walk, stand and move about without help and use her arms and hands for basic grasping and handling." (Tr. 22). The ALJ cited to adequate medical evidence to support those conclusions. *Id.* With respect to Ms. Crawley's asthma, the record contains contradictory opinions regarding whether any restrictions would be necessary. *Compare* Opinion of Dr. Feld (Tr. 258) (imposing environmental restrictions), *with* Opinion of Dr. Serpick (Tr. 283) (listing no such restrictions). The ALJ's opinion did not address his conclusions with respect to the need for environmental restrictions. Even assuming that such failure constituted error, it would be harmless, because most of the jobs identified by the VE involve no exposure to fumes, odors, dust, gases, and poor ventilation, according to the Dictionary of Occupational Titles. (Tr. 25).

In her final sub-argument regarding her RFC, Ms. Crawley argues that the ALJ's determination of her mental RFC was not adequate because it lacked sufficient detail. The RFC contained a limitation to "unskilled work." (Tr. 20). The ALJ provided an explanation regarding his view of Ms. Crawley's mental medical history and her abilities to perform work-related functions. (Tr. 24-25). He specifically noted, in his narrative analysis, that he was imposing the limitation to unskilled work to address "the objective medical evidence of record." (Tr. 25). Because the RFC adopted by the ALJ contained a limitation to address Ms. Crawley's mental impairments, and because that limitation was supported by substantial evidence laid out in the ALJ's opinion, the ALJ satisfied his duties.

Ms. Crawley's third primary argument is that the ALJ failed to make a detailed comparison of the requirements of her past relevant work as a bus aide against her current RFC, as required by SSR 82-62. Certainly, the ALJ's analysis could have been more detailed. However, the ALJ took testimony from Ms. Crawley at the hearing regarding the duties of her bus aide position. (Tr. 34). He then asked the VE to classify the position, (Tr. 46), and referred in the opinion to the VE's testimony that the past relevant work was "at the light exertional level with a SVP of 2." (Tr. 25). The ALJ further noted that Ms. Crawley's RFC limited her to "unskilled light work." *Id.* Because the ALJ's RFC is supported by substantial evidence as described above, and because the VE's testimony provides substantial evidence that the past

relevant work as a bus aide falls within Ms. Crawley's RFC, remand is unnecessary.

Fourth, Ms. Crawley argues that the ALJ presented an improper hypothetical to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Ms. Crawley's RFC. As a result, the ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid.

Finally, it is clear that, if the ALJ erred in considering Ms. Crawley's ability to perform other jobs at Step Five, any such error is harmless. As noted above, the ALJ's opinion contains substantial evidence supporting the conclusion that Ms. Crawley could perform her past relevant work. Whether or not she can perform other types of work, then, is in no way material to the ultimate conclusion regarding her disability.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 22) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge